UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED SPECIALTY INSURANCE CO.,

                       Plaintiff,

     - against -

ROYAL PARKING SERVICES, INC.; SCHMUEL
BERGER; SHEM ROKEACH; CLARK MCNEIL;
BREADBERRY INC.; BREADBERRY USA LLC;
MEAT AT BREADBERRY INC.; and MEG
SERVICES INC.,

                      Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
**17-CV-1395**

GLASSER, Senior United States District Judge:

      Plaintiff United Specialty Insurance Company ("USIC") commenced this action seeking

a declaratory judgment that it is not required to defend or indemnify a number of named parties

in a personal injury action currently pending in New York State Supreme Court, Kings County,

Index. No. 502140/2015 (the "Berger Action").  National General Insurance Online, Inc.

("National General") moved to intervene and assert counterclaims against USIC.  USIC opposes

that motion, which is now before the Court.  For the reasons indicated herein, National General's

motion to intervene is GRANTED.

## BACKGROUND

      The parties do not dispute the relevant facts, which are taken from their motion papers.

ECF 29, 34, 35.  This action stems from bodily injuries suffered by Schmuel Berger ("Berger")

on February 17, 2015 when he was allegedly struck by a car that was owned by Shem Rokeach

("Rokeach") and insured by the proposed intervenor, National General.  At the time of the

accident, the vehicle was driven by Clark McNeil ("McNeil"), who was employed by Royal

Parking Services ("Royal"), a valet company insured by Plaintiff USIC.

1

Three separate lawsuits ensued. First, Berger initiated the aforementioned Berger Action, seeking recovery for his injuries from Rokeach, McNeil and Royal. National General (as insurer of the vehicle) undertook to defend McNeil (the driver) in the Berger Action as a courtesy subject to a Reservation of Rights. ECF 35, Ex. A.

Second, National General initiated a declaratory judgment action in the New York State Supreme Court, New York County, Index No. 155665/15 ("National General Action"), seeking a declaration that it had no duty to defend and indemnify McNeil. On August 31, 2016, that court granted that judgment against McNeil by default. ECF 29-2. Thereafter, by tender demand dated October 5, 2016, National General requested USIC to assume McNeil's defense in the Berger Action and reimburse it for the costs it had incurred defending him to date. ECF 29-3. USIC did not respond to that demand, or to a follow-up email. ECF 29-4. The record does not indicate whether National General has continued to defend McNeil in the Berger Action.

Third, USIC, the insurer of Royal, commenced this action in this Court on March 13, 2017, seeking a declaration that it has no duty to defend or indemnify McNeil, Rokeach or Royal in the Berger Action. ECF 1, Complaint. National General seeks to intervene in this action and asserts two counterclaims for affirmative relief: (1) a declaration that USIC has a duty to defend and indemnify McNeil in the Berger Action, and (2) a declaration that National General is entitled to reimbursement from USIC for its defense of McNeil in the Berger Action. ECF 29-6. Neither McNeil nor Royal has ever appeared in this USIC action, and on August 22, 2017, the Clerk of the Court issued certificates of default against them. ECF 43, 46.

## DISCUSSION

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides a four part test for intervention as of right. The proposed intervenor must (1) timely file an application to intervene,

(2) show the existence of an interest in this pending action, (3) demonstrate that the interest may be impaired by the disposition of the pending action, and (4) show that the interest is not protected adequately by the parties to this action." Brennan v. N.Y.C. Bd. of Educ., 260 F.3d 123, 128-29 (2d Cir. 2001). The timeliness of National General's motion is not disputed here, but the remaining factors are.

Under the second factor, for an interest to be cognizable, it must be "direct, substantial, and legally protectable." Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990). It is clear that National General has an interest in this action because its "coverage obligations will necessarily be shaped" by this Court's judgment. Certified Multi-Media Solutions, Ltd. v. Preferred Contractors Ins. Co. Risk Retention Grp. LLC, 14-CV-5227, 2015 WL 5676786, at *10 (E.D.N.Y. Sept. 24, 2015); see also Hartford Fire Ins. Co. v. Mitlof, 193 F.R.D. 154, 160 (S.D.N.Y. 2000). Rokeach, as the owner of the car, will be liable in the Berger Action only to the extent that McNeil, the driver, is found liable. N.Y. Veh. & Traffic L. § 388. National General, as Rokeach's insurer, is therefore interested in absolving McNeil from negligence: if McNeil is not liable, then Rokeach is not either. USIC seeks to be relieved of its obligation to insure and defend McNeil, but if that relief is granted, then there is no real possibility of McNeil being cleared from liability in the Berger Action. As a result, if USIC succeeds in this action, National General will either be on the hook for Rokeach's vicarious liability, bottomed on McNeil's negligence, or more likely, would continue to defend McNeil in the Berger Action, at its own cost, to mitigate vicarious liability against Rokeach. Additionally, National General would have no remedy for reimbursement of McNeil's defense.[1]

---

[1] USIC argues that the voluntary payment doctrine bars National General's right to reimbursement of McNeil's defense costs. ECF 34, Opposition, at p. 4. However, "[o]nce an insurance company that has voluntarily assumed the defense in an action attempts to retender the

Furthermore, intervention will not affect the scope of this case, which is about USIC's obligation to defend and indemnify McNeil and Royal. Wash. Elec. Coop., 922 F.2d at 97. National General's counterclaims are squarely aligned with that issue. Intervention here will thus serve the primary purpose of Rule 24 "to prevent a multiplicity of suits where common questions of law or fact are involved." Id. For all of those reasons, the Court finds that National General has a sufficiently protectable interest in this law suit to require intervention.

Under the third factor, disposition of this action may impair National General's interests. As already indicated, a declaratory judgment in USIC's favor will force National General to bear both the cost of defending McNeil and any judgment against Rokeach stemming from McNeil's liability in the Berger Action. Additionally, any separate actions contemplated by National General for indemnity or reimbursement would be prejudiced by a determination in this action that USIC has no obligation to McNeil or Royal. Oneida Indian Nation of Wis. v. New York, 732 F.2d 261, 265 (2d Cir. 1984) (intervention is required if "there is a substantial likelihood that the claims and interests of the proposed intervenors . . . may be adversely affected at least by principles of stare decisis, arising out of the final judgment to be entered in this case"); Certified Multi-Media Solutions, 2015 WL 5676786, at *12; Sackman v. Liggett Grp., 167 F.R.D. 6, 21 (E.D.N.Y. 1996).

Finally, there is "persuasive evidence that [McNeil] will not pursue [his defense] vigorously" in this case, and thus he will not protect National General's interests. Wash. Elec.

---

defense to the appropriate party, the insurance company is no longer a volunteer." Merchants Mut. Ins. Grp. v. Travelers Ins. Co., 24 A.D.3d 1179, 1181 (4th Dep't 2005) (citing cases); see also Smart Style Indus., Inc. v Pennsylvania Gen. Ins. Co., 947 F Supp 102, 103 (S.D.N.Y. 1996). National General sent a tender demand to USIC on October 5, 2016. ECF 29-3, 29-4. Thus, from at least that date onwards, National General was not a volunteer and may be eligible for reimbursement.

Coop., 922 F.2d at 98.  McNeil failed to appear in the National General Action, resulting in a default judgment, and has failed to appear in this action as well.  The recent entry of default in this case (ECF 43) will presumably be followed by USIC's motion for a default judgment against McNeil.  Thus, it cannot be sincerely argued that McNeil will adequately represent National General's interests before this Court.  See Known Litig. Holdings, LLC v. Navigators Ins. Co., No. 12-CV-269, 2014 WL 6388787, at *7 (D. Conn. Nov. 14, 2014).

## CONCLUSION

For the foregoing reasons, National General's motion to intervene is granted.

SO ORDERED.

Dated:          Brooklyn, New York
                September 1, 2017

_____/s/_____
                I. Leo Glasser